IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WANDA JURRIAANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:17cv124-MHT |
| | ) | (WO) |
| ALABAMA COOPERATIVE | ) | |
| EXTENSION SYSTEM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**INTRODUCTION**

On May 24, 2017, the plaintiff, Wanda Jurriaans ("Jurriaans") filed an amended complaint against the Alabama Cooperative Extension Service and Auburn University, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"), alleging that she suffered discrimination based on her age and her gender when she was terminated from her employment. She also alleges that she was retaliated against for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). She seeks reinstatement to her position, injunctive relief, damages and attorney's fees. The court has jurisdiction of these claims pursuant to the jurisdictional grants in Title VII and the ADEA, and its federal question jurisdiction, 28 U.S.C. §1331.

Now pending before the court is the defendants' motion to dismiss the plaintiff's ADEA-related claims (doc. # 20). The plaintiff has filed a response to the motion (doc. #

23). After careful consideration of the motion to dismiss, and the plaintiff's response, the court concludes the defendants' motion to dismiss the plaintiff's ADEA-related claims should be granted, and count one of the complaint should be dismissed with prejudice.[1]

## STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized

---

[1] To the extent that Jurriaans asserts that she was retaliated against for filing an ADEA claim with the EEOC in count two of the complaint, that claim is also due to be dismissed.

2

that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted). In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**DISCUSSION**

In her amended complaint, Jurriaans names as defendants the Alabama Cooperative Extension Service and Auburn University. The defendants assert that as state agencies, they are entitled to sovereign immunity under the Eleventh Amendment, and are immune from Jurriaans' ADEA claims. The law is clear that state universities in Alabama are considered an agency or instrumentality of the state. *See Harden v. Adams*, 760 F. 2d 1158, 1163 (11th Cir. 1985); *Eubank v. Leslie*, 210 F. App'x 837, 844 (11th Cir. 2006). The plaintiff does not dispute that the defendants are instrumentalities of the state for the purposes of sovereign immunity under both the Eleventh Amendment. *See Harden, supra*; *Eubank, supra*.

There is also no dispute that as instrumentalities of the state, the defendants are entitled to sovereign immunity with respect to Jurriaans' ADEA claims unless sovereign immunity has been waived by the State. Jurriaans argues that because the defendants stated

3

publicly in their handbook and policies that they "conform[] to federal laws prohibiting age discrimination in employment," they have waived Eleventh Amendment immunity. *See* Doc. # 23 at 2-3. The court disagrees.

> The courts have recognized two exceptions to eleventh amendment immunity. First, Congress can abrogate eleventh amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the fourteenth amendment. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 3415, 87 L.Ed.2d 171 (1985). Second, a state may waive its immunity expressly through legislative enactment. "I[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

*Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524-25 (11th Cir. 1990) (alterations in original)

The ADEA does not constitute a valid abrogation of sovereign immunity by Congress. *Kimel v. Fla. Bd. Of Regents*, 528 U.S. 62 (2000). *See also Hillemann v. Univ. of Central Fla.*, 167 F. App'x 747, 748 (11th Cir. 2006). And the State of Alabama has not waived its sovereign immunity. *See* Ala. Const. Art I, § 14 ("That the State of Alabama shall never be made a defendant in any court of law or equity."). Therefore, both defendants are immune from suit as to all claims of employment discrimination brought pursuant to the ADEA, and these claims will be dismissed.

## IV. CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion to dismiss (doc. # 20) be GRANTED and the

plaintiff's ADEA claims be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **August 21, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 7th day of August, 2017.

                           /s/Charles S. Coody
                           CHARLES S. COODY
                           UNITED STATES MAGISTRATE JUDGE