IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA JURRIAANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  3:17cv124-MHT |
| | ) | (WO) |
| ALABAMA COOPERATIVE | ) | |
| EXTENSION SYSTEM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 27, 2017, plaintiff Wanda Jurriaans ("Jurriaans") filed a second amended complaint against the Alabama Cooperative Extension Service ("ACES"), Auburn University, Gary Lemme, Paul Brown, Chris McClendon, Dr. Kyle Kostelecky and Stanley Windham,[1] in which she alleges that individual defendants discriminated against her because of her age and her gender when she was terminated from her employment.  She also alleges that she was retaliated against for filing a complaint with the Equal Employment Opportunity Commission ("EEOC").  She brings her claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA").[2]  She seeks

---

[1]  The plaintiff also named as a defendant Dr. Steven Leath, the current president of Auburn University. On November 10, 2017, the parties filed a joint motion to dismiss defendant Steven Leath (doc. # 45) which the court granted on November 20, 2017.

[2]  As noted in *Duva v. Bd. of Regents of the Univ. Sys. of Ga.*, 654 F. App'x 451, 454 (11th Cir. 2016), the 11th Circuit has not determined whether the ADEA precludes an age discrimination action under section 1983.  However, the majority of the Circuits to consider the question have concluded that it does.  In consonance with the majority of the Circuits, the court concludes that the plaintiff's age discrimination action

reinstatement to her position, injunctive relief, damages and attorney's fees.  The court has jurisdiction of these claims pursuant to the jurisdictional grants in Title VII and the ADEA, and its federal question jurisdiction, 28 U.S.C. §1331.

Now pending before the court is the defendants' motion to dismiss some of the plaintiff's claims in the second amended complaint (doc. # 39).  The plaintiff has filed a response to the motion (doc. # 44).  After careful consideration of the motion to dismiss, and the plaintiff's response, the court concludes the defendants' motion to dismiss is due to be granted.

## STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference."  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.

---

under section 1983 is precluded by the ADEA.  *See also Kilpatrick v. Crenshaw Cnty Comm.*, 2016 WL 3251605, *4 (M.D. Ala. 2016) (Civ. Act. No. 2:13cv953-MHT) ("this court will follow the six courts of appeal to conclude that ADEA precludes plaintiffs like Kilpatrick from bringing age-discrimination claims under § 1983.")

*Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted). In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## DISCUSSION

In count I of the second amended complaint, Jurriaans asserts ADEA claims against Lemme, Brown, McClendon, Kostelecky and Windham. She does not specifically name ACES or Auburn University, although she alleges claims against "all defendants." The

defendants seek dismissal of the plaintiff's ADEA claims only against Auburn University and ACES; they do not seek dismissal of these claims against the individual defendants. It is undisputed that ACES and Auburn University, as state agencies, are entitled to sovereign immunity under the Eleventh Amendment. In her response to the motion to dismiss, Jurriaans now acknowledges that neither Auburn University or ACES are named as defendants in this count. Nonetheless, the plaintiff seeks to pursue her ADEA claims against the individual defendants.

Even though the individual defendants do not request dismissal, an ADEA claim against them is not viable as a matter of law. The ADEA prohibits an employer from discriminating against an employee because of her age. *See* 29 U.S.C. § 623(a)(1) ("It shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age."). The individual defendants are not Jurriaans' employer and thus, she cannot pursue ADEA claims against them. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("The definition of "employer" in the Disabilities Act is like the definitions in Title VII of the 1994 Civil Rights Act, 42 U.S.C. § 2000e(b), and in the Age Discrimination in Employment Act, 29 U.S.C. § 630(b). This Circuit has previously held that there is no individual responsibility under either of those Acts."); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995) (Individuals "cannot be held liable under the ADEA or Title VII.")

Jurrriaans asserts that because she is seeking prospective injunctive relief, the well-recognized exception to Eleventh Amendment immunity in *Ex parte Young*, 209 U.S. 123, 156-60 (1908) applies. She is mistaken. This exception does not apply because Jurriaans is seeking damages for discrimination; in that regard, she is not seeking prospective injunctive relief. Thus, the court concludes that the plaintiff's ADEA claims are due to be dismissed.

In counts II and III of the amended complaint, the plaintiff purports to assert Title VII claims against "Defendants Auburn, and ACES, and all of the individual defendants." (Doc. # 36 at 9, ¶ 33 & ¶ 36). She further asserts that she is entitled to recover punitive damages against the individual defendants. The individual defendants contend that the Title VII claims against them should be dismissed because Title VII claims cannot be maintained against individuals. The court agrees. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). *See also*, *e.g., Shotz v. City of Plantation*, 344 F.3d 1161, 1174 n.20 (11th Cir. 2003) (noting that Title VII does not provide a remedy against individual defendants); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (noting that individuals cannot be held liable under Title VII). "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

Relying on *Thrower v. Yedla Management Co.*, 2017 WL 735213 (N.D. Ala. Feb. 24, 2017) (No. 5:14cv02490-CLS), Jurriaans asserts that the individual defendants can be

sued in their official capacities as "agents of the employer." The court concludes that *Thrower*, *supra*, is inapposite to the case at bar because in that case, the plaintiff sued the entity that hired her instead of her actual employer. "[I]t is clear that Yelda Management was acting as an "agent of" Enterprise Lodging: the entity that actually owned the hotel and employed the plaintiff." *Id*. at 13. The plaintiff in *Yelda* did not sue the individual defendants, and the court did not conclude that individuals could be held liable under Title VII as agents of the employer. Because the plaintiff cannot bring Title VII claims against the individual defendants, she also cannot recover punitive damages from them. Accordingly, the defendants' motion to dismiss the individual defendants and the request for punitive damages in counts II and III of the amended complaint (doc. # 39) is due to be granted.

## IV.  CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion to  dismiss some claims (doc. # 39)  be GRANTED with respect to the plaintiff's age discrimination claim, her Title VII claims against the individual defendants and the request for punitive damages.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 21, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive,

or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 7th day of December, 2017.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE