IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| WANDA JURRIAANS,  )<br>  )<br>    Plaintiff,  )<br>  )  CIVIL ACTION NO.<br>    v.  )  3:17cv124-MHT<br>  )  (WO)<br>ALABAMA COOPERATIVE  )<br>EXTENSION SYSTEM, et al.,  )<br>  )<br>    Defendants.  ) | |

OPINION

Pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, and Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., plaintiff Wanda Jurriaans filed this lawsuit asserting claims of age and sex discrimination as well as retaliatory discharge and naming as defendants the Alabama Cooperative Extension System, Auburn University, and several officers of those entities in their official capacities. This case is before the court on the recommendation of the United States Magistrate Judge that defendants' motion to dismiss some claims in Jurriaans's second amended

complaint be granted, that Jurriaans's ADEA claims be dismissed in their entirety, and that her Title VII claims be dismissed only against the individual defendants and as to her request for punitive damages. Also before the court are Jurriaans's objections to the recommendation. Upon an independent and de novo review of the record, the court concludes the following: the objections should be sustained to the extent Jurriaans objects to the dismissal of her ADEA claim for injunctive and other equitable relief, and should be overruled in all other respects; and that the recommendation should be adopted in part and not adopted to the extent that Jurrianns's ADEA claims for injunctive and other non-damages relief will not be dismissed.

In the prayer for relief of her ADEA claim--Count I of the second amended complaint--Jurriaans seeks reinstatement to her former position, costs including reasonable attorneys' fees, and other appropriate relief. *See* Second Amended Complaint (doc. no. 36) at

8-9. In a paragraph proceeding the prayer for relief, Jurriaans confusingly states that she is entitled to liquidated damages, *see id*. at 8 (para. 31), but now has claimed that she is not seeking damages for violation of the ADEA.

Only Jurrianns's ADEA claims for damages are barred by sovereign immunity. The Supreme Court held in *Kimel v. Florida Board of Regents*, 528 U.S. 62, 67 (2000), that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under the ADEA; thus Jurrians cannot sue her employers for damages under the ADEA. However, individuals still may sue state officers for injunctive relief under the ADEA through *Ex parte Young*, 209 U.S. 123 (1908). *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 n.9 (2001) (explaining same with regard to suits under Title I of the Americans with Disabilities Act); *see also State Police for Automatic Retirement Ass'n v. DiFava*, 317 F.3d 6, 12 (1st Cir. 2003) ("*Kimel* involved a private action for

monetary damages. Neither *Kimel*, nor Eleventh Amendment jurisprudence, prevents individuals ... from obtaining injunctive relief against a state based upon the ADEA pursuant to *Ex parte Young* ...."); *Moore v. Alabama Dep't of Human Res.*, No. 2:09-CV-1167-RDP, 2010 WL 11565274, at *6 (N.D. Ala. Feb. 16, 2010) (Proctor, J.) ("[T]he court concludes that a private plaintiff may pursue prospective injunctive relief against a state officer pursuant to *Ex parte Young* and in order to vindicate rights provided under the ADEA."); *Key v. Morgan Cty. Sheriff's Office*, No. 5:12-CV-0314-NE, 2012 WL 1340099, at *5 (N.D. Ala. Apr. 12, 2012) (Johnson, J.) (same). Accordingly, the court will dismiss Jurrianns's ADEA claim only to the extent she seeks damages.

An appropriate judgment will be entered.

DONE, this the 31st day of July, 2018.

                                 /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE