IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA JURRIAANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-CV-124-WKW |
| | ) | [WO] |
| ALABAMA COOPERATIVE | ) | |
| EXTENSION SYSTEM; | ) | |
| AUBURN UNIVERSITY; GARY | ) | |
| LEMME, in his official capacity; | ) | |
| STANLEY WINDHAM, in his | ) | |
| official capacity; CHRIS | ) | |
| McCLENDON, in his official | ) | |
| capacity; KYLE KOSTELECKY, | ) | |
| in his official capacity; and PAUL | ) | |
| BROWN, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

"The parties will not amend the complaint." That is what the parties told the court in August 2018. (Doc. # 68, at 2.) But then Plaintiff moved for leave to file a third amended complaint based on information her attorney apparently had since April 2018. (Doc. # 73.) The motion for leave to amend is due to be denied.

**I. BACKGROUND**

In 2016, Plaintiff Wanda Jurriaans filed two charges of discrimination with the Equal Employment Opportunity Commission (EEOC). The first alleged that Defendants discriminated against her based on her age and gender. (Doc. # 75, at

10–13.)  Her second charge alleged that Defendants fired her in retaliation for her first charge.  (Doc. # 75, at 15–17.)  The EEOC investigated the charges, found no discrimination, and sent Plaintiff right-to-sue letters.  (Doc. # 75, at 37–45.)

Plaintiff then filed this action in March 2017.  (Doc. # 1.)  Plaintiff amended her complaint in May 2017 (Doc. # 14) and again in September 2017 (Doc. # 36).  In essence, she claims Defendants violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.  The Magistrate Judge filed a Recommendation on Defendants' motion to dismiss in December 2017.  (Doc. # 55.)  In July 2017, the court adopted the Recommendation in part and rejected it in part.  (Doc. # 60.)

In August 2018, the parties filed a joint report under Federal Rule of Civil Procedure 26(f).  (Doc. # 28.)  In that report, the parties represented that they had completed discovery and would not amend the complaint.  (Doc. # 68, at 2.)  The resulting Uniform Scheduling Order set an October 1, 2018, discovery deadline and a November 14, 2018, deadline for amending the pleadings.  (Doc. # 71, at 2.)

On September 5, Plaintiff deposed Defendant Kyle Kostelecky.  (Doc. # 73, at 2.)  Before defense counsel interrupted, Plaintiff's attorney tried to ask Defendant Kostelecky about discrimination against four other women — Margaret Odom, Sallie Hooker, Melanie Allen, and Wanda Carpenter — who had worked for Defendants.  Those women had filed charges of age and gender discrimination

2

with the EEOC in March and April 2018. (Doc. # 75, at 47–50.) Plaintiff's attorney represents those women (Doc. # 75, at 52), and it appears his law firm helped them prepare their EEOC charges. Plaintiff's attorney brought Odom's draft lawsuit and the other women's EEOC charges with him to Defendant Kostelecky's deposition. (Doc. # 73, at 2.)

Two weeks after the deposition, on September 18, Plaintiff moved to amend her complaint to allege that Defendants "engaged in a pattern and practice of age discrimination against four other older female employees." (Doc. # 73-1, at 8.) Defendants oppose the motion to amend. (Doc. # 75.)

## II. DISCUSSION

In general, a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave to amend may be denied "where there has been undue delay" or "where amendment would be futile." *In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014) (citation omitted). Plaintiff bears the burden of showing that she is entitled to amend her complaint. *Id.* at 1119 n.37. She has not met her burden.

A. **The motion for leave to amend is unduly delayed.**

Plaintiff's proposed amendment is delayed. The amendment is based on alleged discrimination against Margaret Odom, Sallie Hooker, Melanie Allen, and Wanda Carpenter. Odom and Hooker filed their charges of discrimination with the

EEOC in March 2018; Allen and Carpenter filed their charges in April 2018. (Doc. # 75, at 47–50.) Plaintiff's attorney represents all four women (Doc. # 75, at 52), and his firm apparently helped the four women prepare their EEOC charges. So it appears Plaintiff's attorney could have amended Plaintiff's complaint well before September 18, 2018.

Though mere delay is usually an insufficient reason to deny leave to amend, *undue* delay is sufficient. Whether delay is undue depends on "the reasons for the delay" and "prejudice to the nonmoving party." *Engle*, 767 F.3d at 1118–19.

### 1. *Plaintiff has not offered an adequate reason for the delay.*

Plaintiff does not adequately explain why she waited to amend her complaint. She says that that information about the other four women "did not become available . . . until after the original filing of [her] complaint." (Doc. # 73, at 2.) But that means only that Plaintiff learned the information after March 2017. It does not explain what happened between April 2018 and September 2018.

Plaintiff points out the court did not rule on Defendants' motion to dismiss until July 2018. (Doc. # 59.) But if Plaintiff had been waiting on the court's decision before amending her complaint, she would not have told the court in August 2018 that she would not amend her complaint. (Doc. # 68, at 2.)

Plaintiff mentions her attorney's failed attempt to ask Defendant Kostelecky questions about Odom, Hooker, Allen, and Carpenter. (Doc. # 73, at 2.) But

Plaintiff freely admits she knew about the four women's allegations before that deposition. She learned nothing new at the deposition.

Finally, Plaintiff says that her complaint "has always inferred a pattern and practice of discrimination by the Defendants as circumstantial evidence." (Doc. # 73, at 2.) Not so. Nothing in Plaintiff's initial or amended complaints suggest that Defendants discriminated against other women.

### 2. *Plaintiff's delay prejudices Defendants.*

If Plaintiff is allowed to amend her complaint, discovery will have to be reopened, and it will require the parties to perform additional discovery about whether Defendants had a "pattern or practice" of discrimination. That will prejudice Defendants and unduly delay proceedings. *See Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004).

Alleging that Defendants had a "pattern or practice" of discrimination is different from alleging that Defendants discriminated against Plaintiff alone. A "pattern or practice" of discrimination means that "discrimination was the . . . standard operating procedure — the regular practice rather than the unusual practice." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1227 (11th Cir. 2001) (citation omitted). To prevail on a pattern or practice claim, Plaintiff would need to "prove more than the mere occurrence of isolated or accidental or sporadic discriminatory acts." *Id.* at 1227–28 (citation omitted). "Plaintiffs proceeding

5

under a pattern and practice theory often introduce statistics to bolster their claims of discrimination." *Id.* at 1228; *see EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1287 (11th Cir. 2000). Likewise, defendants may use statistics to rebut a claim of discrimination.

Plaintiff argues that additional discovery is not an issue here because each woman is alleging discrimination by the same Defendants. (Doc. # 73, at 2–3.) But according to Defendants, there has been no discovery about a pattern or practice of discrimination. (Doc. # 75, at 6.) Defendants also state that if the pattern or practice claim proceeds, they will want to present a statistics expert to show there is no pattern or practice of discrimination. (Doc. # 75, at 7.) This need to reopen discovery will prejudice Defendants and create undue delay.

Because Plaintiff has not adequately explained her tardiness, and because amendment would prejudice Defendants, the motion for leave to amend is due to be denied based on undue delay. *See Carruthers*, 357 F.3d at 1218.

**B.** **The proposed amended complaint is futile.**

There is a second reason the motion to amend is due to be denied: The proposed amended complaint is futile.

Plaintiff's complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004)

(citation omitted). Judicial claims "are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint." *Id.* at 1279 (citation and internal quotation marks omitted). But "allegations of new acts of discrimination are inappropriate." *Id.* at 1279–80.

Plaintiff's "pattern or practice" allegations could not reasonably be expected to arise out of the allegations in her EEOC charges. *Lett v. Reliable Ruskin*, No. 1:05-CV-479-WHA, 2005 WL 2128041, at *3 (M.D. Ala. Aug. 29, 2005). Neither charge alleged that Defendants discriminated against other employees. (*See* Doc. # 75, at 10–17.) The EEOC's investigation report likewise did not mention discrimination against any other employees. (*See* Doc. # 75, at 36–45.) Instead, Plaintiff is now alleging new acts of discrimination. *See Edwards v. Ambient Healthcare of Ga., Inc.*, 674 F. App'x 926, 931 (11th Cir. 2017) (per curiam) ("Edwards's allegations that [a] driver was harassing and 'stalking' her personally appear nowhere in her EEOC charge, which was limited to allegations pertaining to patients and caregivers. Thus, Edwards has not administratively exhausted this 'new' claim of discrimination, and the district court could not review it."). That means Plaintiff's proposed amendment is futile. *See id.*

### III. CONCLUSION

It is ORDERED that Plaintiff's Motion to Allow Final Amended and Corrected Complaint (Doc. # 73) is DENIED.

DONE this 11th day of October, 2018.

                                              /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE